IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STATE FARM BANK, F.S.B.,** | § | |
| | § | |
| Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-00519-L** |
| | § | |
| **MANHEIM AUTOMOTIVE** | § | |
| **FINANCIAL SERVICES, INC.,** | § | |
| | § | |
| Defendant/Counterclaim Plaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff State Farm Bank, F.S.B's Rule 12(b)(6) Motion to Dismiss, filed April 22, 2010. After carefully considering the motion, briefs, record, and applicable law, the court **grants in part and denies in part** Plaintiff State Farm Bank, F.S.B's Rule 12(b)(6) Motion to Dismiss.

### I.    Factual and Procedural Background

Plaintiff and Counterclaim Defendant State Farm Bank, F.S.B. ("State Farm") filed its Original Complaint in this court on March 15, 2010. State Farm brought this action against Defendant and Counterclaim Plaintiff Manheim Automotive Financial Services, Inc. ("Manheim") alleging conversion and seeking a declaratory judgment. Its claims arise from the sale of vehicles by Concord Autoplex Ltd. ("Concord"). State Farm provided loans to customer (the "Borrowers") who purchased vehicles from Concord. Manheim loaned money to Concord to purchase its inventory and filed a financing statement perfecting its security interest in each vehicle it financed. When Concord failed to pay Manheim, Defendant refused to release certificates fo title to the Borrowers.

Plaintiff alleges that Manheim wrongfully converted the certificates of title. It seeks declarations that each Borrower was a buyer in the ordinary course of business, that Concord's sale of each vehicle cut off Manheim's security interest, that each Borrower's purchase is free and clear of Manheim's security interest, and that the borrowers and State Farm are entitled to new titles.

On April 7, 2010, Manheim filed counterclaims of negligence, setoff, and unjust enrichment against State Farm regarding the same transactions. It also seeks a declaratory judgment. It alleges that Concord lured the customers into purchasing these vehicles without acquiring the certificates of title. Manheim further alleges State Farm breached certain duties to it and argues that State Farm will be unjustly enriched if it succeeds on its claims. Manheim now demands that State Farm pay the remaining balance of those loans before it will release the titles. It also seeks declarations that it has a superior lien on the vehicles and that it has no liability to State Farm. State Farm has moved to dismiss Manheim's counterclaims for negligence, setoff, and unjust enrichment.

## II.     Legal Standard for State Farm's Motion to Dismiss

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

**Memorandum Opinion and Order – Page 2**

action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

**Memorandum Opinion and Order – Page 3**

pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. Manheim's Counterclaims

#### A. Negligence

Manheim's first counterclaim alleges that State Farm committed negligence by breaching duties "to the public, at-large, to refrain from engaging in lending practices that sow confusion, delay, and loss or limitation of use by consumers and fellow lending institutions as to motor vehicles, as well as to the taxing and administrative bodies of the several states, including Texas" and "to exercise reasonable care in performing services for another (*i.e.*, lending practices), that [State Farm] should recognize as necessary for the protection of a third party or a third party's property." Orig. Answer & Original Countercl. ¶ 42. Manheim argues that by failing to follow standard industry practices for financing motor vehicles, specifically by failing to demand that Concord produce titles at the time of sale, State Farm has breached a duty to Manheim that proximately caused its damages.

State Farm now moves to dismiss the negligence claim because it contends Texas does not recognize these kinds of duties to third parties. Manheim counters that the court should recognize these duties because they involve secured transactions, which are different than the ordinary regulatory scheme. State Farm argues that this distinction is not supported by Texas law.

Under Texas law, the elements of a claim for negligence are: a legal duty by the defendant to the plaintiff, a breach of that duty by the defendant, and damages proximately caused by the defendant's breach. *Western Invs. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). A defendant cannot be held liable for negligence if the plaintiff cannot show that it was owed a legal duty. *Kroger Co. v. Elwood,* 197 S.W.3d 793, 794 (Tex. 2006).

**Memorandum Opinion and Order – Page 4**

Generally, "[w]hether a [legal] duty exists is a question of law for the court." *Miller-Rogaska, Inc. v. Bank One, Texas, N.A.*, 931 S.W.2d 655, 663 (Tex. App.–Dallas 1996, no writ). Whether a legal duty exists, however, can be a jury question if the facts giving rise to the legal duty are in dispute. *See Morris v. Texas Parks & Wildlife Dep't*, 226 S.W.3d 720, 728 n.7 (Tex. App.–Corpus Christi 2007, no pet.). Taking the facts in the light most favorable to the nonmoving party, the only question here is whether the facts as stated by Manheim give rise to a legal duty.

To determine whether there is a common law duty of care, Texas courts engage in a risk-utility balancing test. *Foster v. Denton Indep. Sch. Dist.,* 73 S.W.3d 454, 465 (Tex. App.–Fort Worth 2002, no pet.). Texas courts evaluate several factors when deciding whether there is a legal duty:

> In determining whether the defendant was under a duty, the court will consider several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant.

*Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (citation omitted). Of these factors, foreseeability of the risk is the "foremost and dominant consideration." *Id* (citation and quotation omitted).

Using this analysis, Texas courts have generally found that a bank does not owe any duty to someone who is not in a prior relationship with the bank or who is not a customer. *Owens v. Comerica Bank*, 229 S.W.3d 544, 547 (Tex. App.–Dallas 2007, no pet.); *Guerra v. Regions Bank*, 188 S.W.3d 744, 747 (Tex. App.–Tyler 2006, no pet.); *Miller-Rogaska, Inc. v. Bank One, Tex., N.A.*, 931 S.W.2d 655, 663 (Tex. App.–Dallas 1996, no writ). State Farm argues in its Motion to Dismiss that this general rule should be dispositive. It argues that when there is no prior relationship between parties there is no duty and that it is unnecessary to engage in the risk-utility analysis. Manheim

**Memorandum Opinion and Order – Page 5**

counters by arguing that these authorities can be distinguished because they do not represent secured transactions.

Manheim fails to cite any authority to support its position. Its only cited authority for the proposition that duties to third parties ever exist at all is a personal injury proceeding. *C & H Nationwide v. Thompson*, 810 S.W.2d 259, 266-67 (Tex. App.–Houston [1st Dist.] 1991), *rev'd in part*, 903 S.W.2d 315 (Tex. 1994). Manheim argues that State Farm should have recognized the potential risk to third parties and that it was in a superior position to control the relationship with Concord by demanding titles before funding a sale. The Fifth Circuit has held that sales violating the Texas Certificate of Title Act by failing to transfer the certificate of title at the time of sale are void. *Bank One Texas, N.A. v. Arcadia Fin. Ltd.,* 219 F.3d 494, 497-98 (5th Cir. 2000). Manheim contends that State Farm therefore should have been aware of the consequences of not following industry practices regarding the transfer of titles. Texas courts have rejected creating a duty between third parties based upon alleged breach of "industry standards." *See Owens*, 229 S.W.3d at 547 (internal quotations and brackets omitted). Even if State Farm has failed to live up to the regulatory scheme as Manheim contends, or has deviated from industry standards, there is no legal support for finding a duty to third parties based on those regulations or practices.

Having reviewed the arguments and authorities presented by both parties, the court determines that Manheim has failed to allege a duty owed to it by State Farm. As a matter of law, Manheim therefore has failed to state a claim upon which relief can be granted on its negligence claim, and this claim will be dismissed with prejudice.

### B. Setoff

In its second counterclaim, Manheim argues that, because State Farm failed to abide by the standard and regular lending practices of the state of Texas, any recovery should be setoff by

**Memorandum Opinion and Order – Page 6**

Manheim's loses. Manheim did not respond to State Farm's argument and seeks leave to withdraw this counterclaim. Because Manheim essentially concedes that this counterclaim is not viable, the court will allow it to amend its pleadings to withdraw this counterclaim.

### C. Unjust Enrichment

Manheim also asserts a counterclaim alleging that State Farm would be unjustly enriched if it succeeds on the merits of its claims because its lending practices have deviated from the "standard and regular lending practices utilized in Texas for financing motor vehicle sales." Original Answer & Original Countercl. ¶ 44. According to Manheim, State Farm did not comply with regular lending practices because it failed to demand that Concord produce titles at the time of sale. Manheim further asserts that it would not be legally justifiable for State Farm to retain any benefit received because of this mistake.

State Farm has moved to dismiss this claim for two reasons. First, it argues that there is a split among the Texas appellate courts whether unjust enrichment is an independent cause of action. State Farm argues that this court should find that unjust enrichment is not and dismiss the claim for that reason. Second, if unjust enrichment is recognized as an independent cause of action, State Farm argues that Manheim has still failed to state a claim because it has failed to show how State Farm was enriched by fraud, duress, or the taking of an undue advantage. Manheim responds by arguing that State Farm was the beneficiary of a mistake and thus passively took undue advantage of Manheim.

State Farm's first argument, that there is a split of authority whether unjust enrichment is an independent cause of action or merely a theory of recovery, is quite beside the point. The Texas Supreme Court has recognized unjust enrichment claims and judged them on the merits. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998); *Elledge v. Friberg-Cooper Water Supply*

**Memorandum Opinion and Order – Page 7**

*Corp.*, 240 S.W.3d 869, 869-870 (Tex. 2007). It therefore considers State Farm's second argument, that Manheim has failed to state a claim for unjust enrichment.

Under Texas law, unjust enrichment is described as follows:

> A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage. Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits. Unjust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. Unjust enrichment characterizes the result or failure to make restitution of benefits received under such circumstances as to give rise to implied or quasi-contract to repay. It has also been said that recovery under unjust enrichment is an equitable right and is not dependent on the existence of a wrong.

*Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App.–San Antonio 2004, pet. denied) (internal citations, quotes, and brackets removed).

In order to maintain an action for unjust enrichment, the plaintiff must allege some connection between parties that could be interpreted as a quasi-contract between them. *Burlington N. R.R. Co. v. Southwestern Elec. Power Co.*, 925 S.W.2d 92, 96-97 (Tex. App.–Texarkana 1996), *aff'd*, 966 S.W.2d 467 (Tex. 1998). "A party's right to recover under a theory of unjust enrichment does not depend on the other party's commission of a wrongful act." *Oxford Fin. Cos. v. Velez*, 807 S.W.2d 460, 465 (Tex. App.–Austin 1991, writ denied).

Manheim argues that State Farm committed a mistake by paying Concord when it should have paid Manheim and that the mistake has endowed State Farm with a benefit that it should not be allowed to keep. Manheim cites the following passage from *Mistakes*, 9 Texas L. Rev. 1795, 1795-1796 (2001): "The paradigmatic example of [an unjust enrichment] case is mistaken payment, either from one private individual to another or from an individual to a financial institution or taxing authority (or vice versa)."

The court does not agree with Manheim's position. Assuming the facts to be as Manheim alleges them, unjust enrichment might be pleaded as a defense to State Farm's claims. Manheim might also have a claim for unjust enrichment against the *recipient* of the mistaken payment, Concord. Manheim only has a claim for unjust enrichment against State Farm if it alleges that State Farm has received undue benefit, which it has not, or alleges facts from which one could reasonably infer that State Farm received an undue benefit, which it has also failed to do. *See Argyle*, 234 S.W.3d at 247. Manheim's claim is therefore not sufficiently plausible on its face to satisfy the *Twombly* standard. For these reasons, having reviewed the briefs, cases, and authorities, the court finds that Manheim's allegations regarding unjust enrichment fail to state a claim upon which relief can be granted.

### D. Leave to Amend

Manheim has requested leave to amend its counterclaims if the court determines that State Farm's motion should be granted. Leave to amend is to be freely given unless there is a substantial reason to deny it. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In determining whether to grant leave to amend, the court considers such factors as undue delay, failure to cure deficiencies by prior amendment, and futility of amendment. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). The court considers Manheim's request for leave in light of this standard.

Manheim has not previously been given the opportunity to amend or cure deficiencies in its pleading. With respect to Manheim's negligence claim, the court has determined that Texas law does not create a duty between third parties for a breach of banking industry standards. Manheim therefore cannot state a claim for negligence against State Farm as a matter of law. With respect to the negligence claim, the court will not allow Manheim to replead because existing precedent does not recognize such a claim. A claim for unjust enrichment requires an allegation of receipt of

**Memorandum Opinion and Order – Page 9**

undeserved payment or other equitable justification. Manheim's claim for unjust enrichment fails to allege facts, or facts on which the court can reasonably infer, that there was such an equitable ground for finding unjust enrichment; thus it has failed to state a claim upon which relief can be granted. Rather than dismiss this claim, the court will allow Manheim an opportunity to replead consistent with the standard set forth in this opinion. Further, the court will grant Manheim leave to amend its counterclaim to remove its claim for setoff.

## IV. Conclusion

For the reasons state herein, the court **grants in part and denies in part** Plaintiff State Farm Bank, F.S.B.'s Rule 12(b)(6) Motion to Dismiss. The court **dismisses with prejudice** Manheim Automotive Financial Services, Inc.'s counterclaim of negligence. The court **denies without prejudice** the Motion to Dismiss with respect to the unjust enrichment claim. Manheim shall file an amended pleading regarding its unjust enrichment claim consistent with the court's instructions and shall withdraw its counterclaim for setoff no later than August 16, 2010.

**It is so ordered** this 6th day of August, 2010.

　　　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　　　United States District Judge